IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NEIL PAUL NOBLE, § | |
| PETITIONER, § | |
| § | |
| v. § | CIVIL CASE NO. 3:21-CV-827-E-BK |
| § | |
| COOPER, DIRECTOR, DALLAS COUNTY § | |
| PRETRIAL SERVICES, § | |
| RESPONDENT. § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Neil Paul Noble's *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Doc. 3. As detailed herein, the petition should be summarily **DISMISSED WITHOUT PREJUDICE**.

On April 12, 2021, Nobel filed a petition for writ of habeas corpus asserting speedy trial claims in connection with his then pending state charge. Doc. 3 at 1-6. He sought to dismiss the state charge and, in the alternative, to remove the house-arrest condition of his bail. Doc. 3 at 5. As he was a pretrial detainee, the Court liberally construed his petition to request pretrial habeas relief under 28 U.S.C. § 2241(c). *See Dickerson v. Louisiana,* 816 F.2d 220, 224 (5th Cir. 1987) ("Pre-trial petitions . . . are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him."). On May 3, 2021, however a jury convicted Noble of

stalking and the judge sentenced him to four years' imprisonment probated for four years. Doc. 7; Noble *v. State*, No. F1845998 (Crim. Dist. Ct. No. 4, Dallas Cnty., Tex., May 3, 2021).[1] This Court must therefore examine *sua sponte* whether the issue presented in the habeas petition is now moot.

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack,* 395 U.S. 486, 496 (1969)). *See also Spencer v. Kemna*, 523 U.S. 1, 7 (1998) ("This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate.... The parties must continue to have a 'personal stake in the outcome' of the lawsuit.")

In this case, Noble's conviction renders moot the relief sought in his pretrial habeas petition. *See Yohey v. Collins*, 985 F.2d 222, 228-29 (5th Cir. 1993) (citations omitted) (concluding that a petitioner's subsequent conviction mooted his pretrial claims for federal habeas relief). Noble is no longer a pretrial detainee, now having been convicted of the charged offense. Moreover, Noble's recent conviction has made available other state court remedies for litigating his speedy trial claim, and comity requires that he exhaust those remedies first. *See Ex parte Weise*, 55 S.W.3d 617, 620 (Tex. Crim. App. 2001) (citations omitted) (noting that speedy trial violations are appropriate for review in state post-conviction appeal, but not in a pretrial

---

[1] The docket sheet for Case No. F1845998 is available on the Dallas County website at https://obpublicaccess.dallascounty.org/PublicAccessEP1/CriminalCourts/ (last accessed on May 5, 2021). *See* May 4, 2021 "Jail Dispo" docket entry.

habeas application). Therefore, Noble's pretrial habeas petition should be dismissed as moot. *See Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988) (per curiam) (finding pretrial-confinement habeas claims became moot following the petitioner's conviction and his claims challenging validity of conviction were not cognizable); *Williamson v. Driver*, 386 F. App'x 491, 491 (5th Cir. 2010) (per curiam) (affirming dismissal of pretrial habeas claims challenging speedy trial violations following the federal detainee's conviction).

Accordingly, Noble's petition for writ of habeas corpus should be **DISMISSED WITHOUT PREJUDICE**.

**SO RECOMMENDED** on May 10, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).